A rehearing was granted in this case to permit further study of the very singular provision in the contract of insurance sued on in relation to the admitted facts. We have done so without being moved from our former conclusions.
The referred to provision is quoted in full in our original opinion. In effect it provides that the indemnity benefit or protection therein vouchsafed to the subscriber (the insured) may be availed of only by persons negligently injured by a third person using the car with the subscriber's permission when "the subscriber shall in writing so direct within thirty days after presentation of a claim." It is admitted that the subscriber, Mr. Mabry, did not expressly in writing or otherwise within said period nor since direct the insurance company to make available to the injured party the protection provided by the policy. Compliance with said provision is a condition precedent to any action thereunder.
It is contended that the notice of the accident given by Mr. Mabry to the insurer's local agent, coupled with the submitted formal proof of the happening of the accident, amounts to the "direction" contemplated by the above referred to provision. We are unable to agree with this position. Giving of the notice and submission of proof of accidents are required by all policies of this or similar character. The duty to promptly do so is specifically laid upon the insured, generally as a condition precedent to maintaining the policy's effectiveness, because it is of material importance to the insurer that opportunity to investigate an accident be quickly given it. The requirement that notice and proof of an accident be given the insurer is covered by an independent provision in the present policy.
In Howard v. Rowan et al., La.App., 154 So. 382, this court held that the failure by the insured to "immediately" give the insurer notice of the accident involved, as required by the policy, released the insurer from liability to the plaintiff, injured third person. It was held that the giving of notice of the accident forty-four days after its occurrence was not "immediate" notice. This principle is analogous to that which controls in the present case. There the policy contract devolved upon the insured the performance of a certain act within a reasonably certain time as a condition precedent to holding the insurer responsible. The act was not timely done with the result that the insurer escaped payment of the amount for which *Page 351 
the insured was condemned. Here, the policy expressly fixes the time within which the "direction" must be given.
The presence of this singular provision in the policy was probably unknown to the subscriber. Relatively few persons fully read their policies of insurance, but this omission does not impair the legal effectiveness of all covenants therein which do not run counter to law, good morals or public policy. Persons competent to contract are at liberty to do so within said limitations. Stipulations in favor of third persons are permissible, but may be given only the force and effect that the contractants by express language or clear implication intend. In the present case, without the embattled stipulation, it is certain there would be no recourse whatever under any circumstances, against the insurer by persons injured by operators of the car with the subscriber's permission. The same result follows if the requirements of the stipulations are not substantially complied with. It is our opinion that such compliance is absent in the present case and that the stipulation must be enforced as written.
For these reasons, our former judgment and decree are reinstated and made final.